[Civ. No. 41418. First Dist., Div. Four. Dec. 1, 1978.]

KAISER AETNA et al., Plaintiffs and Appellants, v.
I. C. DEAL et al., Defendants and Respondents.

## Counsel

Watson, Lukens & St. Peter, Frederick E. Watson, Patrick A. Nielson, O'Gara & McGuire and E. James McGuire for Plaintiffs and Appellants.

Crosby, Heafey, Roach & May, Jay R. Martin, Peter W. Davis, Williams, Van Hoesen & Brigham, Robert S. Epstein, Landels, Ripley & Diamond, John M. Anderson, John E. McNellis, Tobin & Tobin, Jerome Sapiro, Jr., Morrison & Foerster, James J. Brosnahan, Nelson Dong, McCutchen, Doyle, Brown & Enersen, John E. Hurley, Jr., Randall D. Morrison, Matzger & Melnick, David H. Melnick, Brobeck, Phleger & Harrison, Charles E. Hanger, Bronson, Bronson & McKinnon, Frederick S. Fields, Henry Lerner, Sedgwick, Detert, Moran & Arnold, John B. Marchant, Cynthia H. Plevin and Barry Adler for Defendants and Respondents.

## Opinion

**CHRISTIAN, J.**—Kaiser Aetna and Deal Development Company (both partnerships) appeal from orders of the superior court quashing the service of summons on several nonresident defendants in an action brought by appellants to recover damages for fraud, breach of contract, and other alleged wrongs. At the same time the action was dismissed as to all the same defendants. The question on appeal is whether the court

acted correctly when it determined that the California courts could not lawfully exercise jurisdiction over the respondents.

No extended discussion is required as to one of the respondents, First National Bank of Commerce of New Orleans. ■ As a national bank having no branch in California, respondent bank is not subject to suit in California. (12 U.S.C. § 94; *Citizens & Southern Nat. Bank* v. *Bougas* (1977) 434 U.S. 35 [54 L.Ed.2d 218; 98 S.Ct. 88].) Appellants challenge the constitutionality of the statute. Although the statute has been sharply criticized on grounds of policy (see Comment, *Restricted Venue in Suits Against National Banks: A Procedural Anachronism* (1973) 15 Wm. & Mary L.Rev. 179), its constitutionality has been upheld many times. (See, e.g., *Northside Iron & Metal Co., Inc.* v. *Dobson & Johnson, Inc.* (5th Cir. 1973) 480 F.2d 798, 800; *Brown* v. *Bank of America National Trust & Savings Ass'n* (N.Dist.Ill. 1968) 281 F.Supp. 82, 83-84; *First Nat. Bank of Arizona* v. *Carruth* (Ct. App. 1977) 116 Ariz. 482 [569 P.2d 1380, 1382].) We do not consider it necessary to reexamine the question of constitutionality.

The other respondents were dismissed from the action on another ground: that they had no sufficient contacts with California to afford a basis, consistent with due process of law, for the California courts to exercise jurisdiction. Section 410.10 of the Code of Civil Procedure provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." *Kulko* v. *California Superior Court* (1978) 436 U.S. 84, 91 [56 L.Ed.2d 132, 140, 98 S.Ct. 1690] stated: "The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. See *Shaffer* v. *Heitner,* 433 U.S. 186, 198-200 (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer* v. *Neff,* 95 U.S. 714, 732-733 (1878); *International Shoe Co.* v. *Washington, supra,* 326 U.S., at 316. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought. *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 313-314 (1950), and a sufficient connection between the defendant and the forum State as to make it fair to require defense of the action in the forum. *Milliken* v. *Meyer,* 311 U.S. 457, 463-464 (1940)." ■ Generally, a state may not exercise jurisdiction over a nonresident unless the relationship of the nonresident to the state is such as to make the exercise of jurisdiction

reasonable. (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) In order for a state to exercise personal jurisdiction over a defendant, the defendant must have certain "minimum contacts" with the forum state such that the maintenance of the suit there does not offend " 'traditional notions of fair play and substantial justice.' " (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057]. See also *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].)

Section 410.10 of the Code of Civil Procedure manifests an intent that the courts of this state should exercise the broadest possible jurisdiction, limited only by constitutional considerations of fairness. (*Sibley* v. *Superior Court, supra,* 16 Cal.3d at p. 445; *Michigan Nat. Bank* v. *Superior Court* (1972) 23 Cal.App.3d 1, 6 [99 Cal.Rptr. 823].) "Where charges of fraud on California citizens are involved, jurisdictional principles should be liberally construed and interpreted in order to accomplish substantial justice for California citizens." (*Northern Natural Gas Co.* v. *Superior Court* (1976) 64 Cal.App.3d 983, 995 [134 Cal.Rptr. 850].)

Appellants Kaiser Aetna and Deal Development Company contend that the activities of the 21 nonresident respondents surrounding the fraudulent land transactions that are alleged in this case furnish a sufficient basis for jurisdiction to attach in California, and that the trial court erred when it granted the motions to quash and dismissed the action against respondents. Appellants contend that there are two recognized bases which would permit California courts to exercise jurisdiction in this case: (1) the commission of a tortious act or omission in this state, or the causing of such an act to be done; and (2) the causing of an effect in the state by an act or omission committed elsewhere. (See West's Ann. Code Civ. Proc., § 410.10, Judicial Council com. (8), (9).)

### Commission of a Tortious Act in the State

A state court has the power to exercise personal jurisdiction over an individual "who has done, or has caused to be done, an act in the state with respect to any cause of action in tort arising from the act." (Rest.2d Conf. of Laws, § 36, subd. (1).) The doing of an act or the omission or the causing of such to be done in a state creates a sufficient relationship between the individual and the state to give the state jurisdiction over the individual as to actions related to such acts or omissions. (West's Ann.

Code Civ. Proc., § 410.10, Judicial Council com. (8).) A state has a special interest in exercising jurisdiction over those who commit tortious acts within its territory. Therefore, it is reasonable that a state should exercise jurisdiction over those who commit or cause to be committed in the state what is claimed to be a tortious act. Reasonableness is the basic principle underlying all rules of jurisdiction. (Rest.2d Conf. of Laws, § 24, com. b.)

There is evidence that defendant Deal, whom the trial court did not dismiss from the action and who is not a respondent in this appeal, committed tortious acts or omissions within California. If a defendant, while personally present in California, makes representations or nondisclosures to the plaintiff which are the gravamen of the action, exercise of jurisdiction is proper. (See Gorfinkel & Lavine, *Long-Arm Jurisdiction in California Under New Section 410.10 of the Code of Civil Procedure* (1970) 21 Hastings L.J. 1163, 1203.) There was no compelling showing that *respondents* here committed any tortious act or omission within California. Appellants contend that the alleged acts or misrepresentation, nondisclosure and concealment committed by defendants Deal, Latimer and the other principals involved in the alleged conspiracy to commit fraud, should be imputed to respondent coconspirators for the purpose of justifying personal jurisdiction in the California courts.

■ Allegations of conspiracy do not establish as a matter of law that if there is one resident conspirator, jurisdiction may be exercised over nonresident conspirators. (See *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610 [81 Cal.Rptr. 320].) "[T]he purpose of other parties cannot be imputed to petitioner for the purpose of assuming personal jurisdiction over him." (*Sibley* v. *Superior Court, supra,* 16 Cal.3d 442, 448.) The *acts* of other parties therefore cannot be imputed to respondents for the purpose of assuming personal jurisdiction over them. Similarly, "personal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual." (*Kipperman* v. *McCone* (N.D.Cal. 1976) 422 F.Supp. 860, 873, fn. 14 [dictum].) Personal jurisdiction in California over the 21 alleged coconspirator respondents does not attach because of the fraudulent acts or omissions committed in California by defendant Deal and others.

### The Causing of an Effect in the State
### by an Act or Omission Committed Elsewhere

Appellants argue that California has the power to exercise jurisdiction over respondents, because respondents have committed acts or omissions elsewhere which have caused tortious effects in California. (Rest.2d Conf. of Laws, § 37.) Every state has a natural interest in effects occurring within its territory, even if the act causing those effects was committed elsewhere. (See Rest.2d Conf. of Laws, § 37, com. a.) Quoting Restatement Second Conflict of Laws, section 37, comment a, the Judicial Council comment (9) relating to this basis of jurisdiction (West's Ann. Code Civ. Proc., § 410.10) states: "There are three possible situations: (1) the act was done with the intention of causing effects in the state; (2) the act, although not done with the intention of causing effects in the state, could reasonably have been expected to do so; and (3) the act was not done with the intention of causing effects in the state and could not reasonably have been expected to do so." Each of these three situations, as it relates to the causes of action arising *in tort,* will be discussed in turn.

1. ■ If a defendant commits an act or omission outside the forum state *with the intent* to cause a tortious effect within the state, the state may exercise jurisdiction over the defendant as to any cause of action arising from the effects. The intent to cause tortious injury within the state when the tort actually occurs is generally a sufficient basis, without more, for the exercise of in personam jurisdiction. "The act may have been done with the intention of causing effects in the state. If so, the state may exercise the same judicial jurisdiction over the actor, or over the one who caused the act to be done, as to causes of action arising from these effects as it could have exercised if these effects had resulted from an act done within its territory." (Rest.2d Conf. of Laws, § 37, com. a; see § 36, subd. (1).)

2. ■ If a nonresident defendant commits an act or omission outside the forum state that could reasonably be expected to cause effects within the forum state, whether the forum state may exercise personal jurisdiction over the defendant depends upon several factors. The mere causing of an "effect" in the forum is not sufficient without more to afford a constitutional basis for jurisdiction. (*Sibley* v. *Superior Court, supra,* 16 Cal.3d 442, 446.) The comment of the Judicial Council states as follows: "The act may not have been done with the intention of causing effects in the state but could reasonably have been expected to do so. Whether the state may exercise judicial jurisdiction in such a situation depends upon a

variety of factors, including the extent of the relationship of the state to the defendant and to the plaintiff, the nature and quality of the effects resulting from the act, and the degree of inconvenience which would result to the defendant from being forced to stand suit in the state on the particular cause of action. The greater the defendant's relationship to the state, the greater is the likelihood that the state may exercise judicial jurisdiction over him as to causes of action arising from the effects of the act in the state. . . . So if the defendant does business in the state, or solicits business extensively in the state, or if a substantial quantity of goods manufactured by him are sold in the state, there is a greater likelihood that the state may exercise judicial jurisdiction over him as to causes of action arising from the effects in the state of an act done by him outside the state than if the defendant did not have this relationship to the state. This is so even though the defendant's relationship to the state is not related in any way to the act or to such of its effects in the state as are involved in the suit. The plaintiff's relationship to the state is also material. The greater is the extent of this relationship, the greater is the interest of the state in the plaintiff and consequently the more appropriate it will be that the state should be in the position to try the case in its courts. On the other hand, if the plaintiff has little or no relationship to the state, the defendant's relationship to the state must be correspondingly greater to give the state a sufficient interest to justify trial of the case in its courts. Another factor of significance is the nature and quality of the effects which occur in the state. The state may exercise judicial jurisdiction over the defendant if the effects which could have been anticipated and which actually occurred are of a sort highly dangerous to persons or things." (West's Ann. Code Civ. Proc., § 410.10, Judicial Council com. (9).) It is necessary that there be some act by which the defendant purposefully availed itself of the privilege of conducting activities within California, thus invoking the benefits and protections of this state's laws. (*Sibley* v. *Superior Court, supra,* 16 Cal.3d 442, 446-447.) "For example, in *Buckeye Boiler Co.* v. *Superior Court, supra,* [71 Cal.2d 893 (80 Cal.Rptr. 113, 458 P.2d 57)], substantial business was generated in this state which benefited the party over which jurisdiction was sought; in *Michigan Nat. Bank* v. *Superior Court* (1972) 23 Cal.App.3d 1 [99 Cal.Rptr. 823], goods purchased in California were financed by the nonresident defendant; in *National Life of Florida Corp.* v. *Superior Court* (1971) 21 Cal.App.3d 281 [98 Cal.Rptr. 435], contract negotiations by the parties occurred in California concerning the sale of shares of stock to California residents by the nonresident defendants; and in *Quattrone* v. *Superior Court, supra,* 44 Cal.App.3d 296 [118 Cal.Rptr. 548], it was alleged that the nonresident defendant was involved in a conspiracy to

defraud a California corporation for his own profit by submitting falsified financial records to this corporation." (16 Cal.3d at p. 447.)

3. ■ If a defendant commits an act outside the state, and the act was not done with the intention of causing effects in the state and could not reasonably have been expected to cause any effects in the state, the state may not constitutionally exercise jurisdiction over the defendant, unless the defendant is found to have an extensive relationship with the state.

■ Respondents properly moved to quash out-of-state service of process for lack of personal jurisdiction. The burden of proof therefore was upon appellants to establish the fact of jurisdiction by a preponderance of the evidence. (*Arnesen* v. *Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991, 995 [107 Cal.Rptr. 744].) ■ There is circumstantial evidence which would support an inference that respondents committed acts or omissions outside California with the knowledge and intent of causing a tortious effect in California. The evidence on this point, however, is conflicting. The role of this court on appeal therefore is limited. If the evidence is in conflict, a resolution of the conflict by the trial court supported by substantial evidence will not be disturbed on appeal. (*Arnesen* v. *Raymond Lee Organization, Inc., supra,* 31 Cal.App.3d 991, 995.) Substantial evidence supports the trial court's determination that the acts or omissions committed by the 21 nonresident respondents were not done with the intention of causing tortious effects in California.

The evidence on the issue of whether respondents could reasonably have expected their acts to cause tortious effects within California is also conflicting. In any event, in this situation, the mere causing of an "effect" in California without more is not sufficient to support in personam jurisdiction. Respondents have no other contacts with California and have not purposefully availed themselves of the privilege of conducting business in California.

Affirmed.

Caldecott, P. J., and Good, J.,* concurred.

A petition for a rehearing was denied December 20, 1978, and appellants' petition for a hearing by the Supreme Court was denied February 14, 1979.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.