[No. A072703. First Dist., Div. Four. July 18, 1996.]

ROBERTO CREA, Plaintiff and Appellant, v.
RICHARD H. BUSBY, Defendant and Respondent.

510

Randall M. Widmann for Plaintiff and Appellant.

Long & Levit, Edward F. Donohue, Linda S. Votaw and Daniel W. Hager for Defendant and Respondent.

OPINION

**ANDERSON, P. J.**—This is an appeal from the trial court's granting of Richard H. Busby's (respondent) motion to dismiss for lack of personal jurisdiction. The issue is whether respondent's maintenance of his California law license represents sufficient minimum contacts with the state to justify the exercise of jurisdiciton over him. We affirm.

## I. *Background*

Roberto Crea (appellant) was a Massachusetts resident and one of three shareholders in HI-TECH International, Inc. (HI-TECH), an Oregon corporation located in Oregon. Respondent is an Oregon resident and an attorney licensed to practice law in both Oregon and California, though he has not practiced in California since 1981.

In July 1990, Robert Thomson, president of HI-TECH, retained respondent to investigate possible claims that HI-TECH might have for breach of a licensing agreement. After performing his investigation and concluding that HI-TECH had a meritorious claim, respondent drafted a proposed complaint. He was informed that appellant did not want to participate in the litigation because of financial concerns. Consequently, respondent filed the complaint in Thomson's name only, in the United States District Court for the District of Oregon. Mediation ensued in Oregon and the case was eventually settled.

Appellant filed the present action in California, where he now resides. He alleged that respondent was retained to represent him concerning problems associated with the licensing agreement and defaults on loans to Thomson and HI-TECH, which appellant had guaranteed. Respondent conspired to exclude him from the Oregon litigation and, thus, breached his fiduciary duties.

The trial court granted respondent's motion to dismiss for lack of personal jurisdiction. It stated, "[a]lthough [respondent] is licensed to practice law in California, he has not done so in 14 years. [Respondent] has no office in California nor does he practice, advertise or solicit clients in California. He owns no property in California and does not have any obligations here. [Respondent] was contacted in Oregon by an Oregon resident to file suit in Oregon for the benefit of an Oregon corporation concerning a licensing agreement that had been breached in Oregon. [Appellant] lived in Massachusetts during the relevant period. [Respondent's] active California law license alone is insufficient to justify jurisdiction."

## II. *California Does Not Have Personal Jurisdiction Over an Individual Whose Only Contact With the State Is Maintaining a California Law License*

 Appellant maintains that the trial court erred in granting respondent's motion to dismiss for lack of personal jurisdiction because, by possessing an active California law license, respondent purposely availed himself of the privileges and rights of being a member of the California bar. Therefore, he is subject to the discipline and jurisdiction of the California courts. We disagree.

 The principles governing a trial court's determination of a motion to quash, and our review of its order, are well established: "(1) where a defendant properly moves to quash out of state service of process for lack of jurisdiction, the burden of proof is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence [citations]; (2) evidence of those facts or their absence may be in the form of declarations with the verified complaint being treated as a declaration for that purpose [citation]; (3) where there is a conflict in the declarations, resolution of the conflict by the trial court will not be disturbed on appeal if the determination of that court is supported by substantial evidence [citations]; and (4) we are not permitted on appeal to consider evidence not before the trial court [citation]." (*Arnesen* v. *Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991, 995 [107 Cal.Rptr. 744].) Accordingly, we examine the case at bench with these principles in mind.

 "[A] forum state may not exercise jurisdiction over a nonresident unless his relationship to the state is such as to make the exercise of such jurisdiction reasonable." (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) That is, a defendant must establish minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 101-102, 66 S.Ct. 154, 161 A.L.R. 1057].)

A state has "general jurisdiction" over a nonresident for all causes of action asserted against him if his activities within the state are " 'extensive or wide-ranging' " or " 'substantial . . . continuous, and systematic.' " (*Cornelison* v. *Chaney, supra,* 16 Cal.3d at p. 147.) Where a nonresident's activities are not this substantial, a state may exercise "limited jurisdiction" over him if (1) the quality and nature of his activities are such that the cause of action arises out of an act or transaction completed in the state (*Id.* at p. 148.); (2) the quality and nature of his activities indicate that he purposefully availed

himself of the privileges of conducting activities in the state, thereby invoking the benefits and protection of its laws (*Ibid.*); or (3) the state has passed special legislation on the subject matter at issue that supports the exercise of jurisdiction over a nonresident (*McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220, 221-223 [2 L.Ed.2d 223, 224-226, 78 S.Ct. 199]).

In sum, "[t]he crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction." (*Cornelison* v. *Chaney, supra,* 16 Cal.3d at p. 148.) It must appear "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (*World-Wide Volkswagen Corp.* v. *Woodson* (1980) 444 U.S. 286, 297 [62 L.Ed.2d 490, 501, 100 S.Ct. 559].)

In *Cornelison,* a California resident filed a wrongful death action against a Nebraska defendant for an automobile accident that occurred in Nevada. (*Cornelison* v. *Chaney, supra,* 16 Cal.3d at p. 146.) Defendant was an independent contractor who hauled goods in interstate commerce and who was licensed by the Public Utilities Commission of California. (*Id.* at pp. 146-147.) The California Supreme Court held that defendant's contacts with California—20 trips each year for 7 years, an independent contractor relationship with a local broker, and a public utilities commission license—were insufficient for the state to exercise general jurisdiction over him. (*Id.* at p. 149.) Moreover, defendant's public utilities license alone was insufficient to justify jurisdiction: "[T]he fact that defendant had such a license is not determinative but only one factor to consider in evaluating his relationship to this state." (*Id.* at p. 149, fn. 6.) However, the court did conclude that plaintiff's cause of action arose out of defendant's activities in California—namely, his driving of the truck to haul goods into and out of the state—and, thus, gave California limited jurisdiction over defendant. (*Id.* at p. 149.)

 Similarly, here, respondent's contacts with California are insufficient to justify the exercise of general jurisdiction over him. The only contact respondent has had with California is the maintenance of his California law license. He has not practiced law in California in 14 years. He does not maintain an office, solicit clients, advertise, own property, or have obligations in California. Furthermore, Oregon residents contacted him in Oregon to file suit in Oregon on behalf of an Oregon corporation regarding a licensing agreement breached in Oregon. Indeed, his contacts with California are substantially less than those of defendant in *Cornelison.* Thus, *all* factors clearly indicate that respondent does not conduct "extensive or

wide-ranging" or "substantial, continuous, and systematic" activity within California.

■ Moreover, unlike *Cornelison*, respondent's activities within California are also insufficient for the state to exercise limited jurisdiction over him. First, appellant's cause of action does not arise out of an act or transaction completed within California; respondent's legal representation concerning the breach of the licensing agreement took place entirely in Oregon. Secondly, respondent has not purposely availed himself of the privileges of conducting activities in California, thereby invoking the benefits and protection of its laws. There is no evidence of any purposeful activity on respondent's part from which it can be inferred that he intended to conduct business in California, nor does the maintenance of his California law license confer any benefit from or protection of California law upon his legal practice in Oregon. Finally, California has not passed any special legislation that supports the exercise of personal jurisdiction over a nonresident who possesses an active California law license but who lacks the requisite minimum contacts.

Appellant cites *Edmunds* v. *Superior Court* (1994) 24 Cal.App.4th 221 [29 Cal.Rptr.2d 281] to support his contention that California maintains jurisdiction over respondent. We fail to see how *Edmunds* supports any aspect of appellant's argument. In *Edmunds*, an appellate court held that California could not exercise personal jurisdiction over a Hawaiian attorney who came to California to represent his California client in deposition in an Hawaiian action. (*Id.* at p. 236.) The court concluded that coming to California, making telephone calls and writing letters to and from this state, and accepting payment from a California client do not establish purposeful availment of the benefits and protections of California law. (*Id.* at p. 234.) Indeed, given that respondent has had less contact with California than described in *Edmunds*, we find that *Edmunds* supports our conclusion that California may not exercise limited jurisdiction over respondent.

Finally, appellant contends that respondent was part of a civil conspiracy that other defendants instigated in California in 1987 and 1988. Consequently, as a member of the California bar, his conduct subjects him to California jurisdiction pursuant to the California Rules of Professional Conduct.

The record offers no evidence of the existence of, or respondent's participation in, or acts pursuant to, any such conspiracy. ■ Furthermore, "[a]llegations of conspiracy do not establish as a matter of law that if there is one resident conspirator, jurisdiction may be exercised over nonresident

conspirators. [Citation.] '[T]he purpose of other parties cannot be imputed to petitioner for the purpose of assuming personal jurisdiction over him.' [Citation.] The *acts* of other parties therefore cannot be imputed to respondents for the purpose of assuming personal jurisdiction over them. Similarly, 'personal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual.' " (*Kaiser Aetna* v. *Deal* (1978) 86 Cal.App.3d 896, 901 [150 Cal.Rptr. 615], original italics.)

 Thus, we conclude that respondent's relationship to California makes the exercise of jurisdiction over him unreasonable and offensive to traditional notions of fair play and substantial justice. From his conduct, respondent could not have reasonably anticipated being haled into court in California. "Because petitioner's contacts with California are insufficient to justify jurisdiction, it is not necessary to undertake the additional process of balancing the inconvenience of defending the action in this state against the interests of plaintiff in suing locally and of the state in assuming jurisdiction." (*Sibley* v. *Superior Court* (1976) 16 Cal.3d 442, 448 [128 Cal.Rptr. 34, 546 P.2d 322].)

The judgment is affirmed.

Poché, J., and Hanlon, J., concurred.