Marla S. WORTHINGTON, Plaintiff,

v.

Stephen Bradley SMALL, Defendant.

Helene Eichenwald, Plaintiff,

v.

Stephen Bradley Small, Defendant.

Nos. 98–2304–JWL, 98–2312–JWL.

United States District Court,
D. Kansas.

Feb. 5, 1999.

David M. Bryan, Overland Park, KS, for Marla S Worthington, plaintiff.

Gordon N. Myerson, James P Barton, Jr, Myerson & Morrow, Kansas City, MO, for Stephen Bradley Small, defendant.

Barry R. Grissom, Overland Park, KS, for Helene Eichenwald, plaintiff.

Gordon N. Myerson, James P Barton, Jr, Myerson & Morrow, Kansas City, MO, for Stephen Bradley Small, defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In these malpractice actions, plaintiffs allege that defendant Stephen Small, an attorney, negligently failed to investigate and prosecute timely state tort claims arising out of plaintiffs' employment with their former employers. This matter is presently before the court on defendant's motions to dismiss plaintiffs' first amended complaints, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction (docs. # 25 and # 18); plaintiff Worthington's motion for costs of service and associated fees (doc. # 4); and plaintiff Eichenwald's motion for costs and fees associated with service of process (doc. # 8).

As set forth in more detail below, defendant's motions to dismiss are denied, but the court transfers plaintiffs' cases, along with their pending motions for costs, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631.[1]

## I. Background

In early January 1992, plaintiffs met with defendant Stephen Small at his office to discuss possible claims against plaintiffs'

---

1. Section 1631 states, in relevant part, as follows:

 Whenever a civil action is filed in a court ... or an appeal ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

 28 U.S.C. § 1631.

former employers. Defendant is a resident of Missouri, is licensed to practice law in Missouri, and maintains his office in Missouri. Defendant is also licensed to practice law in Kansas, although he does not maintain an office in Kansas. On January 31, 1992, both plaintiffs entered into a "Contract for Employment' of Attorney" with defendant. With respect to plaintiff Worthington, the contract specifically provided that defendant was employed

> to collect by negotiation or suit [Ms. Worthington's] claims against any and all others who may be liable, for injuries whether bodily injury or property, or both, or otherwise, arising from an occurance [sic] happening on or about April 1991 to August 1991, as follows (*Description of facts giving rise to cause of action, or causes of action to [sic] handled on a contingency fee basis*): breach of contract, sexual harassment and outrageous conduct.

At the time the contract was formed, plaintiff Worthington was a resident of Missouri. The contract between plaintiff Worthington and defendant was formed and executed in Missouri. With respect to plaintiff Eichenwald, the contract specifically provided that defendant was employed

> to collect by negotiation or suit [Ms. Eichenwald's] claims against any and all others who may be liable, for injuries whether bodily injury or property, or both, or otherwise, arising from an occurance [sic] happening on or about January 1991 to June 1991, as follows (*Description of facts giving rise to cause of action, or causes of action to [sic] handled on a contingency fee basis*): Breach of contract, sexual harassment and outrageous conduct.

At the time the contract was formed, plaintiff Eichenwald was a resident of Kansas. The contract between plaintiff Eichenwald and defendant was formed and executed in

Missouri. It is undisputed that the parties never met in Kansas and that defendant never conducted any business in Kansas with respect to plaintiffs' claims against their former employers.

Both plaintiffs terminated the attorney-client relationship with defendant in February 1994. During the period of defendant's representation of plaintiffs, the statutes of limitations expired with respect to state tort claims plaintiffs may have been able to pursue. In July 1994, after retaining new counsel, plaintiffs filed Title VII claims against their employers in this court. Plaintiffs ultimately prevailed on their Title VII claims at trial. *See Eichenwald v. Krigel's, Inc.*, 908 F.Supp. 1531 (D.Kan.1995). Because plaintiffs were time-barred from pursuing state tort claims against their employers, however, they were unable to seek compensatory or punitive damages against their employers.[2]

## II. Discussion

 Defendant argues that plaintiffs' actions must be dismissed for lack of personal jurisdiction. The party bringing the action bears the burden of establishing personal jurisdiction over the defendant. *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir.1996). When the motion is decided on the basis of affidavits and other written materials, however, the plaintiff need only make a prima facie showing, and all factual disputes are resolved in that party's favor. *Id.* Moreover, in a diversity suit such as this one, the court determines its jurisdiction over a nonresident defendant by the law of the forum state. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304 (10th Cir.1994). The court engages in a two-part inquiry, determining first "whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state" and, then, whether the exercise of jurisdiction "comports with due

**2.** Prior to amendment by the Civil Rights Act of 1991, Title VII afforded only equitable rem-

edies.

process requirements of the Constitution." *Id.* at 1304–05 (citing *Taylor v. Phelan,* 912 F.2d 429, 431 (10th Cir.1990)).

Resolving all doubts in plaintiffs' favor, the court concludes that plaintiffs have not met their burden of making a prima facie showing that defendant is subject to the jurisdiction of this court.[3] Thus, the court will transfer plaintiffs' cases to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631. *See Viernow v. Euripides Development Corp.,* 157 F.3d 785, 793 (10th Cir.1998) (where transferor court notes that it lacks personal jurisdiction, the proper course of action is to transfer pursuant to § 1631) (citing *Ross v. Colorado Outward Bound· School, Inc.,* 822 F.2d 1524, 1526–27 (10th Cir.1987)).

*A. Long–Arm Statute*

Under the Kansas long-arm statute, a party submits to the jurisdiction of courts in this state "as to any cause of action arising from the doing" of certain enumerated acts, including the transaction of any business within this state, K.S.A. § 60–308(b)(1), and the commission of a tortious act within this state, K.S.A. § 60–308(b)(2). Defendant argues that he did not transact any business in Kansas with respect to the underlying case, and that he did not commit a tortious act in Kansas for purposes of long-arm jurisdiction. Plaintiffs contend otherwise. As discussed below, the court concludes that defendant's alleged conduct falls within the long-arm statute with respect to plaintiff Eichenwald's action.[4] Plaintiff Worthington, however, has not made a prima facie showing that defendant's conduct falls within the long-arm statute with respect to her action.

3. In their papers, plaintiffs begin their arguments by emphasizing that the court has subject matter jurisdiction over the action. While plaintiffs' argument in this regard is somewhat unclear, the court simply notes that personal jurisdiction—the only issue before the court—is quite distinct from subject matter jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Gui-*

1. Transaction of business

In response to defendant's motion, plaintiffs argue that defendant is subject to the jurisdiction of this court pursuant to the "transacting business" provision of this state's long-arm statute, which provides that an individual submits to the jurisdiction of the· courts of this state when the cause of action arises from the individual's "transaction of any business within this state." *See* K.S.A. § 60–308(b)(1). In support of their argument, plaintiffs emphasize only that defendant is·a member of the Kansas bar, has represented clients in Kansas courts on several occasions over the last nine years, and has appeared as a defendant in a Kansas state court on several occasions in 1990 and 1991. Defendant urges that such contacts, wholly unrelated to his representation of plaintiffs in the underlying case, are insufficient for purposes of long-arm jurisdiction. As set forth below, the court agrees with defendant and concludes that defendant is not subject to the jurisdiction of this court under the "transacting business" provision of this state's long-arm statute.

The Kansas Supreme· Court has interpreted the "transacting business" provision of this state's long-arm statute as requiring the following three factors:

(1) the· nonresident must purposefully do some act or consummate some transaction in the forum· state; (2) the claim for relief must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity

*nee,* 456 U.S. 694, 701–02, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

4. Nonetheless, as discussed in section II.B of this opinion, the court concludes that subjecting defendant to personal jurisdiction with respect to plaintiff Eichenwald's case would violate due process requirements.

in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation....

*St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 264, 777 P.2d 1259 (1989) (quoting *White v. Goldthwaite*, 204 Kan. 83, 88, 460 P.2d 578 (1969)). There is no evidence in the record here that defendant "purposefully" did any act in Kansas or that he directed any activity towards Kansas. Although plaintiff Eichenwald was a Kansas resident when she entered into the contract for legal services with defendant, there is no suggestion that defendant solicited plaintiff's business in Kansas.[5] Rather, the evidence suggests only that both plaintiffs sought out defendant's services in Missouri. Moreover, the contracts between plaintiffs and defendant did not require defendant to take any actions in Kansas. In that regard, the contract between plaintiff Eichenwald and defendant provided that defendant would represent plaintiff with respect to her claims of breach of contract, sexual harassment and outrageous conduct against her employer arising from January 1991 to June 1991. During that time frame, plaintiff Eichenwald was employed by Krigel's of Bannister Mall, a Missouri corporation, and Krigel, Inc., a Kansas corporation. Similarly, the contract between defendant and plaintiff Worthington provided that defendant would represent plaintiff with respect to her claims of breach of contract, sexual harassment and outrageous conduct against her employer arising from April 1991 to August 1991. During that period, plaintiff Worthington was employed by Krigel's of Bannister Mall, a Missouri corporation, and Krigel's of Metcalf South, Inc., a Kansas corporation. A substantial part of the events giving rise to plaintiffs' claims of breach of contract, sexual harassment and outrageous conduct occurred in both Kansas and Missouri. Thus, defendant could have filed a lawsuit arising out of those claims in Missouri. *See* 28 U.S.C. § 1391.

In addition, defendant has filed supporting affidavits with his motions that set forth certain significant facts undisputed by plaintiffs. Defendant averred, for example, that he never agreed to file any lawsuit on behalf of either plaintiff. Rather, he agreed only to "investigate" possible claims arising out of plaintiffs' employment. According to defendant, when plaintiffs were advised that they would have to pay for defendant's investigation, plaintiffs rejected defendant's proposal. Defendant then suggested to plaintiffs that if they filed charges of discrimination with the EEOC or the equivalent state agency in Missouri, then the agency would conduct an investigation of plaintiffs' claims at no cost to plaintiffs. Plaintiffs agreed to this approach. Finally, defendant averred that he did not meet with plaintiffs at any time in Kansas and that he did not conduct any business in Kansas with respect to plaintiffs' claims. These facts, undisputed by plaintiffs, establish that defendant did not consummate any transaction in Kansas or direct his activities toward Kansas in any way.

■ Moreover, plaintiff's argument that defendant's membership in the Kansas bar and his representation of clients in Kansas courts constitutes the "transaction of business" for purposes of long-arm jurisdiction is not persuasive. Though these contacts might be relevant to a discussion of whether the court could exercise "general jurisdiction" over defendant, such contacts, wholly unrelated to plaintiffs' causes of action, are not sufficient to predicate long-arm jurisdiction. *See Three Ten Enters., Inc. v. State Farm Fire & Casualty Co.*, 24 Kan.App.2d 85, 90–91, 942 P.2d 62 (1997) (review denied Sept. 23, 1997) (district

---

**5.** Along these same lines, there is no suggestion in the record that defendant advertised his services in Kansas at any time.

court erred in holding that it had personal jurisdiction over defendant based solely on doctrine of "general jurisdiction"—K.S.A. § 60–308(b) does not provide for the exercise of general jurisdiction by Kansas courts). There must be some nexus between defendant's contacts with the forum state and plaintiffs' causes of action. *See St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 264, 777 P.2d 1259 (1989) (for purposes of "transacting business" provision of long-arm statute, "the claim for relief must arise from, or be connected with" defendant's contacts) (quoting *White v. Goldthwaite*, 204 Kan. 83, 88, 460 P.2d 578 (1969)). Plaintiffs' malpractice actions against defendant are not premised on defendant's contacts with the State of Kansas. Although plaintiffs may have believed that defendant would pursue their claims in Kansas (indeed, he could have chosen to do so), the essence of their complaints is the nature and quality of legal services performed in Missouri. In short, the facts here are insufficient to constitute the transaction of business within the state. Accordingly, this court does not have personal jurisdiction over defendant under § 60–308(b)(1). *See Santos v. Sacks*, 697 F.Supp. 275, 279–82 (E.D.La.1988) (nonresident attorneys in legal malpractice action not subject to personal jurisdiction under Florida's long-arm statute even though they were members of Florida bar and practiced law in Florida on a continuing basis where plaintiffs failed to establish the "connexity" requirement).

### 2. Tortious Act

Plaintiffs also contend that this court has jurisdiction over defendant pursuant to the "tortious act" provision of this state's long-arm statute, *see* K.S.A. § 60–308(b)(2), which permits a court of this state to exercise personal jurisdiction over a nonresident defendant for tortious conduct which occurs outside of Kansas if the conduct injures a Kansas resident within Kansas. *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 778, 740 P.2d 1089 (1987) (citing *Ling v. Jan's Liquors*, 237 Kan. 629, 633, 703 P.2d 731 (1985)). Courts have construed this provision broadly to encompass economic injuries, *Continental American Corp. v. First National Bank*, Civ.A. No. 93–1415–MLB, 1994 WL 326771, at *2 (D.Kan. June 22, 1994), and such injuries are sustained where the plaintiff resides. *See, e.g., Dayani v. Holtmeier*, Civ.A. No. 90–2055–V, 1990 WL 126979, at *4 (D.Kan. July 12, 1990).

The record before the court indicates that plaintiff Eichenwald was a resident of Kansas at the time she entered into the contract with defendant and, significantly, that she has remained a resident of Kansas at all times thereafter. In her complaint, she alleges several tortious acts which, if proved, caused economic injury to her in Kansas. Accordingly, although defendant's connections to Kansas are highly attenuated here, the court concludes that defendant's conduct is sufficient to bring him within the purview of K.S.A. § 60–308(b)(2) for purposes of plaintiff Eichenwald's case. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir.1996) (affirming exercise of personal jurisdiction over nonresident attorneys in legal malpractice action pursuant to "tortious act" prong of Florida's long-arm statute where attorneys' alleged negligence caused damage to estate in Florida); *Wilson v. Olathe Bank*, Civ.A. No. 97–2458–KHV, 1998 WL 184470, at *3 (D.Kan. Mar.2, 1998) (exercising jurisdiction pursuant to § 308(b)(2) over nonresident attorney hired to perform services outside the state of Kansas where plaintiffs alleged that nonresident attorney committed tortious acts causing economic injury in Kansas).

Unlike plaintiff Eichenwald, plaintiff Worthington was a Missouri resident at the time she entered into the contract with defendant. Although she is now a Kansas resident, the record does not indicate when she became a Kansas resident and, more

specifically, whether she was a Kansas resident at the time she allegedly sustained economic injuries as a result of defendant's conduct. Thus, the court cannot ascertain whether plaintiff sustained her injuries in Kansas as required by subsection (b)(2) of the long-arm statute. *See First Trust Nat'l Ass'n v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F.Supp. 585, 588–89 (S.D.Miss.1998) (granting defendant's motion to dismiss for lack of personal jurisdiction in legal malpractice action where plaintiffs failed to submit evidence that injury—for purposes of "tortious act" prong of Mississippi's long-arm statute—occurred in Mississippi). Accordingly, the court denies defendant's motion to dismiss plaintiff Worthington's first amended complaint, but transfers plaintiff Worthington's case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631.[6]

### B. Due Process

 Despite its finding that defendant's alleged conduct falls within the "tortious act" provision of the long-arm statute with respect to plaintiff Eichenwald's complaint, the court nonetheless concludes that the exercise of long-arm jurisdiction over defendant would violate due process. The touchstone of this constitutional inquiry is whether the nonresident party purposefully established "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir.1994). This standard may be met in two ways. First, a court may exercise specific juris-

diction if a defendant has "purposefully directed" his activities toward the forum jurisdiction and the litigation results from alleged injuries that arise out of or relate to those activities. *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir.1996) (quoting *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir.1996) (quoting *Burger King*, 471 U.S. at 472, 105 S.Ct. 2174)). Second, a court may exercise general jurisdiction if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless "continuous and systematic." *Knowles*, 87 F.3d at 418. Because plaintiff Eichenwald has not specified which standard she believes is applicable here, the court will focus on both specific and general jurisdiction. As set forth below, the court concludes that it has neither specific nor general jurisdiction over defendant. Accordingly, defendant's motion to dismiss plaintiff Eichenwald's first amended complaint is denied, but the court transfers plaintiff's case to the United States District Court for the Western District of Missouri.[7]

### 1. Specific Jurisdiction

The court first addresses whether it may exercise specific jurisdiction over defendant. In resolving this issue, the court analyzes whether defendant has "purposefully directed" his activities toward Kansas and whether the litigation results from alleged injuries that arise out of or relate to those activities. *See Kuenzle*, 102 F.3d at 456. Plaintiff Eichenwald alleges sever-

---

6. Plaintiff Worthington also suggests that defendant is subject to this court's jurisdiction under K.S.A. § 60–308(b)(7)(A), which requires, in relevant part, that a person "within this state" suffer an injury arising out of an act by the nonresident defendant. For the same reasons discussed in connection with the application of subsection (b)(2), the court is unable to ascertain whether subsection (b)(7)(A) applies here.

7. In her response to defendant's motion, plaintiff Worthington raises the same arguments and presents the same facts as plaintiff Eichenwald raised in her response. Thus, even if the court had concluded that defendant's alleged conduct fell within the long-arm statute with respect to plaintiff Worthington, it would nonetheless decline to exercise personal jurisdiction over defendant based on due process concerns and transfer plaintiff Worthington's case.

al connections between defendant and Kansas but fails to illustrate adequately how her own alleged injuries arose from defendant's forum-related conduct. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir.1996) (court could not exercise specific jurisdiction over defendant where plaintiff failed to demonstrate how his alleged injuries arose from defendant's forum-related conduct). Accordingly, the court cannot exercise specific jurisdiction over defendant.

▮ As discussed above in connection with plaintiff's argument that defendant was "transacting business" in Kansas for purposes of long-arm jurisdiction, there is no evidence in the record that defendant "purposefully" did any act in Kansas or that he directed any activity towards Kansas. Nothing before the court suggests that defendant advertised his legal services in Kansas or sought plaintiff out in any way. Moreover, the contract between plaintiff and defendant did not require defendant to take any actions in Kansas. In fact, defendant averred that he agreed only to "investigate" possible claims arising out of plaintiff's employment—a proposal that plaintiff rejected when she learned she would have to pay for the investigation. Plaintiff does not dispute these facts. She further does not dispute that she agreed to file a charge of discrimination with the EEOC or the equivalent state agency in Missouri so that the agency would conduct an investigation of plaintiff's claims at no cost to plaintiff. Defendant averred that he did not meet with plaintiff at any time in Kansas and that he did not conduct any business in Kansas with respect to plaintiff's claims. *Cf. Taylor v. Phelan*, 912 F.2d 429, 432–33 (10th Cir.1990) (nonresident detective subject to specific jurisdiction where plaintiffs' negligence claims arose out of detective's contacts with Kansas—detective's visit to plaintiffs at their home in Kansas). Finally, there is no evidence in the record that defendant ever telephoned plaintiff in Kansas or ever mailed plaintiff correspondence in Kansas. These facts, undisputed by plaintiff, establish that defendant did not "purposefully direct" his activities toward Kansas.

Moreover, the only connection that plaintiff has demonstrated between her cause of action and defendant's contacts with Kansas is that plaintiff was a Kansas resident at the time defendant entered into the contract for legal services. As another judge in this district has recognized, "[j]urisdiction cannot rest on the mere fortuity of the plaintiff's residence." *Continental American Corp. v. First Nat'l Bank*, Civ.A. No. 93–1415–MLB, 1994 WL 326771, at *3 (D.Kan. June 22, 1994) (although defendant was subject to long-arm jurisdiction under "tortious act" prong because plaintiff claimed economic injuries in Kansas, subjecting defendant to suit in Kansas would violate due process requirements). In sum, defendant's conduct here falls short of the "purposeful availment" required for this court to assert specific jurisdiction. *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 230 (5th Cir.1995) ("The bare existence of an attorney-client relationship is not sufficient" to confer personal jurisdiction over nonresident attorney.); *First Trust Nat'l Ass'n v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F.Supp. 585, 590 (S.D.Miss.1998) (Mississippi did not have specific jurisdiction over nonresident law firm in legal malpractice action where law firm's only contact with Mississippi arising out plaintiff's cause of action was attorney-client relationship with plaintiff, a Mississippi resident); *Biederman v. Schnader, Harrison, Siegal & Lewis*, 765 F.Supp. 1057, 1059–61 (D.Kan.1991) (nonresident law firm's entering into contract for legal services with Kansas resident not sufficient to subject law firm to personal jurisdiction in Kansas where dispute arose out of law firm's representation of Kansas resident in litigation taking place in other forums).

**2. General Jurisdiction**

The court, then, turns to address whether the assertion of general jurisdiction over defendant is warranted because of any contacts defendant has had with Kansas that are unrelated to plaintiff's cause of action. As discussed above, a nonresident defendant may be subject to a state's jurisdiction even when the alleged injury is not related to the defendant's contacts with the forum state as long as the unrelated contacts are continuous and systematic enough "that the defendant could reasonably anticipate being haled into court in that forum." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1543 (10th Cir.1996) (citations omitted). With respect to defendant's unrelated contacts with Kansas, the record demonstrates only that defendant is a member of the Kansas bar, has represented clients in Kansas courts over the past several years, and has appeared as a defendant in several cases in Kansas courts. These contacts do not rise to the "continuous and systematic" level necessary to confer general jurisdiction.

Specifically, plaintiff alleges that defendant, as an attorney licensed to practice law in Kansas, has represented clients in seven cases filed in the United States District Court for the District of Kansas since 1990. Significantly, however, only two of those cases were filed after 1992. Plaintiff also alleges that defendant has appeared as a defendant in eight cases in Kansas state court. All of those cases were filed in 1990 or 1991. In short, other than maintaining his Kansas law license, defendant has had very few contacts with Kansas in recent years. These limited contacts are not sufficiently "continuous and systematic" to enable this court to exercise general jurisdiction over defendant. *See Trierweiler*, 90 F.3d at 1543–44 (Colorado did not have general jurisdiction over nonresident defendant where contacts with Colorado included admission to practice law in the Tenth Circuit, owning property in Colorado, maintaining joint bank account in Colorado and traveling to state several times a year); *Wilson v. Belin*, 20 F.3d 644, 650–51 (5th Cir.1994) (Texas did not have general jurisdiction over nonresident defendant where contacts with Texas included carrying malpractice insurance through a Texas law firm, doing three legal projects in Texas in three years, giving legal seminar in Texas and serving as a pro bono consultant to a Dallas historical society), *cited with approval in Trierweiler*, 90 F.3d at 1544; *First Trust Nat'l Ass'n v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F.Supp. 585 (S.D.Miss.1998) (Louisiana law firm, a nonresident defendant in legal malpractice action, was not subject to general jurisdiction of Mississippi court where only contacts with Mississippi included occasional representation of Mississippi clients and some members of firm were licensed to practice law in Mississippi); *see also Crea v. Busby*, 48 Cal.App.4th 509, 515–16, 55 Cal.Rptr.2d 513 (1996) (California did not have general jurisdiction over nonresident defendant in legal malpractice action where defendant's contacts with California included only maintenance of California law license).

In summary, the court concludes that its exercise of personal jurisdiction over defendant with respect to plaintiff Eichenwald's case would violate the requirements of due process. Accordingly, the court denies defendant's motion to dismiss plaintiff's first amended complaint, but transfers plaintiff's case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff Worthington's first amended complaint (doc. # 25) is **denied;** defendant's motion to dismiss plaintiff Eichenwald's first amended complaint (doc. # 18) is **denied;** defendant's motion to dismiss plaintiff Worthington's complaint (doc. # 14) is **denied as moot;** defendant's motion to dismiss plaintiff Eichenwald's complaint (doc. # 6) is **denied as moot;**

but plaintiffs' cases are **transferred,** along with their pending motions for costs, to the **United States District Court for the Western District of Missouri** pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**