PER CURIAM.
We affirm this non-final appeal of an order granting a motion to dismiss the amended third party complaint for lack of personal jurisdiction.[1] We briefly address some of the points raised by appellants.
The forum selection clause in the membership interest purchase agreement cannot alone provide the circuit court with personal jurisdiction over appellees James and Daniel Hall unless there is an independent basis for such jurisdiction. See McRae v. J.D./M.D., Inc., 511 So.2d 540, 543 (Fla.1987) (where the court noted that a provision for submission to in personam jurisdiction based only on a contractual provision was “[cjonspicuously absent” from Florida’s long-arm statute).
*1201 Count IX of the complaint, which attempts to state a cause of action for libel, does not allege that the defamatory resolution was either executed in or transmitted into Florida. Cf. Silver v. Levinson, 648 So.2d 240, 242 (Fla. 4th DCA 1994) (finding that publication element of tort of libel was satisfied when letters were received by addressees in Florida).
We find no error in the trial court’s conclusion that appellants failed to demonstrate personal jurisdiction under sections 48.193(l)(a) and (g), Florida Statutes (2003). The trial court reconciled the opposing affidavits; appellants’ affidavit did not refute or directly oppose appellees’ assertions that they did not actually conduct votes or other business in Florida, except for two annual meetings James Hall attended in 1997 and 2001.
Appellants argue that by entering into the membership interest purchase agreement, which was for the purpose of engaging in real estate ventures in Florida, appellees “initiated a series of acts all of which were to be conducted” in Florida, thereby subjecting them to jurisdiction in this state. The problem with this argument was that it was not supported by any affidavit that demonstrated appellees’ business activities which amounted to a “business or business venture” within the meaning of section 48.193(l)(a). What conduct the agreements may have contemplated is not the equivalent of a showing that the requisite conduct in Florida had actually occurred.
Affirmed.
STONE, GROSS and HAZOURI, JJ., concur.

. We have jurisdiction of this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).