920 So.2d 829 (2006)
CONSOLIDATED ENERGY INC., Appellant,
v.
Robert M. STRUMOR and Apache Creek Investors, LLC, et al., Appellees.
No. 4D04-2717.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*830 Scott Alan Salomon and Dawn Aufenanger of Salomon Law Center, Coral Springs, for appellant.
Jeffrey Tew and Jezabel Llorente of Tew Cardenas LLP, Miami, for appellees.
MAY, J.
The plaintiff appeals a non-final order granting defendants', Robert M. Strumor (Strumor) and Apache Creek Investors, LLC (Apache), motion to dismiss for lack of personal jurisdiction. The plaintiff argues the court erred in granting the motion because the allegations satisfy the long-arm statute and sufficient minimum contacts exist to satisfy due process. We disagree and affirm.
The facts are rather complex and most of them are unnecessary to this opinion. *831 Suffice it to say, the plaintiff entered into an agreement to borrow ninety-five million dollars and pledged shares of stock as a commitment fee. Plaintiff's creditor then sought its own loan from others. Strumor, a New Mexico attorney and a Florida Bar member, but unauthorized to practice in the state of Florida, was contacted to act as transfer agent for plaintiff's shares of stock that were used as collateral on the creditor's loan. Strumor executed the transfers through his holding company, Apache. Strumor personally attended to the transaction at the office of Pacific Stock Transfer Company in Las Vegas.
The loan between plaintiff and its creditor never closed and issues arose concerning the stock plaintiff had pledged to its creditor, which the creditor had subsequently pledged, resulting in negotiations between Strumor in New Mexico and a lawyer in Arizona via telephone, fax, and e-mail. In addition, Strumor participated in phone calls with various parties in Florida and wrote a letter to the plaintiff at a Kentucky address. The executed agreement between the plaintiff, Strumor, Apache, and others included a forum selection and choice of law clause that applied Florida law to any dispute and chose Broward County, Florida as the venue.
The plaintiff filed a complaint against multiple defendants involved in plaintiff's creditor's loan transaction, including Strumor and Apache. As to Strumor, the plaintiff alleged, albeit incorrectly, that Strumor was an escrow agent on plaintiff's loan agreement with its creditor and committed civil theft of the stock pledged for the loan. The complaint further alleged that Strumor and Apache breached the contract when the 500,000 shares of stock were not returned, and committed fraud and misrepresentation.
Strumor and Apache moved to dismiss the complaint for lack of personal jurisdiction. The trial court granted the motion after an evidentiary hearing, and subsequently denied the plaintiff's motion for reconsideration. The plaintiff appeals the order dismissing Strumor and Apache, and raises multiple arguments concerning personal jurisdiction.
The issue of personal jurisdiction is a pure question of law, and we review an order on a motion to dismiss de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.), cert. denied, 531 U.S. 818, 121 S.Ct. 58, 148 L.Ed.2d 25 (2000). We apply a two-step process in analyzing the issue. First, does the plaintiff's complaint allege sufficient facts to bring the action within the reach of Florida's long-arm statute, section 48.193, Florida Statutes (2002)? Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv. Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988)). Second, does the defendant have sufficient minimum contacts with this state to satisfy constitutional due process requirements? Id.
First, the plaintiff argues Strumor and Apache breached the agreement because it required the delivery of the stock in the state of Florida. Unfortunately for the plaintiff, the contract does not contain such a requirement. It requires only that certain notice by another party is to be sent to the plaintiff's representative in Florida.
Second, the plaintiff suggests the telephone communications between Strumor and Apache and the plaintiff's representative in Florida place them within the reach of the long-arm statute. While telephone communications may provide a basis for personal jurisdiction, it only occurs when those communications give rise to the cause of action. See Wendt v. Horowitz, *832 822 So.2d 1252, 1260 (Fla.2002). Here, the communications were not the basis for the cause of action, thereby failing to provide the necessary "connexity" requirement. Id.
Third, the plaintiff argues that Strumor and Apache committed torts of fraud and negligence outside of Florida that resulted in injury to it in Florida. However, mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant. Id. at 1260.
The second part of the analysis requires a review of Strumor's and Apache's contacts with the state of Florida. To subject a non-resident defendant to jurisdiction in Florida, due process requires that "he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). This means the defendant must have a connection to Florida "such that he should reasonably anticipate being haled into court [here]." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Here, the plaintiff claims that Strumor and Apache had the requisite minimum contacts because Strumor is a member of the Florida Bar. Strumor's Florida Bar membership is insufficient to create the requisite minimum contacts. See, e.g., Worthington v. Small, 46 F.Supp.2d 1126 (D.Kan.1999). As a non-Florida resident member, Strumor is not licensed to practice law in Florida despite his Bar membership. He did not actively seek out any Florida business, was not physically present in Florida, and the contract did not require any performance in Florida. See Hartcourt Cos. v. Hogue, 817 So.2d 1067, 1070, 1071 (Fla. 5th DCA 2002); Quality Christmas Trees Co. v. Florico Foliage, Inc., 689 So.2d 1222 (Fla. 5th DCA 1997).
And last, the plaintiff argues the forum selection clause in the agreement confers personal jurisdiction over Strumor & Apache. Our supreme court has previously held "that a forum selection clause, designating Florida as the forum, cannot operate as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 (Fla. 1987). See also Amico v. CDG Prop. Mgmt., Inc., 895 So.2d 1199, 1200 (Fla. 4th DCA 2005).
For the reasons expressed, we affirm.
WARNER, J. and SWEET, GARY, Associate Judge, concur.