Clayton A. **CLARK,** Kevin S. Fiur, and Clark, Depew & Seiss, L.L.P.

v.

Taras **KICK** and The Kick Law Firm.

No. Civ.A.G–99–607.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 7, 2000.

Ronald L. White, Brown, Sims, Wise & White, Houston, TX, Clayton A. Clark, Clark, Depew and Siess, Houston, TX, for plaintiffs.

Andrew J. Mytelka, Greer, Herz & Adams, Galveston, TX, Steven Carl Windsor, Greer, Herz & Adams, Galveston, TX, Stephen E. Ensberg, Robert E. Weiss Inc., Covina, CA, for defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER VENUE

KENT, District Judge.

This is a declaratory judgment action involving a fee dispute between Texas and California attorneys. The California law firm, Defendant The Kick Law Firm, as well as one of its partners, Defendant Taras Kick, has moved to dismiss the action, listing as grounds the alleged absence of personal jurisdiction over the Defendants, the absence of an indispensable party under Rule 19, failure to state a claim, and improper venue. In addition, Defendants seek to have the case transferred to the Central District of California in the interests of justice, pursuant to 28 U.S.C. § 1404(a). For reasons explained more fully below, Defendants' Amended Motions to Dismiss or, In the Alternative, Transfer Venue, is **DENIED** in its entirety. The

unamended Motion to Dismiss or in the Alternative, Transfer Venue, is **DENIED AS MOOT.**

## I. Factual and Procedural Summary

This declaratory judgment action revolves around a dispute by Texas and California attorneys over the proper apportionment of attorneys' fees. Plaintiffs and Defendants each contend that they represented Bell West Inc., the successful plaintiff in a lawsuit filed in this Court on November 10, 1997, styled *Bell West, Inc. v. MacMillan Communication Services, Inc. et al.,* No. G–97–642 (The *"Bell West* case"). This Court entered a default judgment in the amount of $2.5 million against MacMillon Communication Services on September 10, 1998.

Taras Kick and the Kick Law Firm argue that there was a valid contingency fee agreement between Bell West and the Kick Law Firm; consequently they are due up to 40% of the settlement proceeds. In order to protect what Defendants perceived to be their interest in the settlement, Taras Kick and his law firm filed a Notice of Attorney Lien, *in this Court,* on September 9, 1999. This Notice was signed by Defendant Taras Kick as attorney in charge for Plaintiffs in the *Bell West* case. Defendants also served notice to Plaintiffs of the Attorney Lien, and sent approximately ten letters and emails to Plaintiffs regarding Defendants' claimed right to the attorneys' fees at issue. Defendants also indicated an intention to send a letter to the judgment debtor in the *Bell West* case informing them that if they fail to include the Kick Law Firm as a payee on any check that the Kick Law Firm would maintain its right to pursue the judgment debtor directly for the fee.

Plaintiffs contend that Defendants' aggressive pursuit of a fee was disrupting their ongoing effort to negotiate a settlement, and further contend that Taras Kick and the Kick Law Firm are not entitled to a fee at all, or at least not a fee in the full amount claimed. Consequently, Plaintiffs initiated a separate declaratory judgment action in this Court with the intention of settling the controversy over attorneys' fees by having this Court determine the proper allocation of the attorneys' fees arising from the *Bell West* litigation.

Despite claiming to be entitled to a fee for representing Bell West in the earlier litigation in this Court, and despite having filed a Notice of Attorney Lien and invoking the jurisdiction of this Court to protect its perceived interest in attorneys' fees, Defendants for unknown reasons strenuously resist having this Court adjudicate the fee dispute in the present declaratory judgment action. Taras Kick and the Kick Law Firm contend that this Court lacks personal jurisdiction over them; that the Plaintiffs fail to state a claim, that an indispensable party cannot be joined without destroying diversity jurisdiction, and that venue is improper. It is Defendant's position that this fee dispute should be litigated in a California forum. Each of Defendant's objections will be addressed in turn.

## II. Supplemental Jurisdiction Over Attorneys' Fees

As an initial matter, it appears that Plaintiffs' most straightforward course of action in resolving this fee dispute would have been to invoke this Court's supplemental jurisdiction in the earlier action, *Bell West v. MacMillon Communications Inc., et al.,* Cause No. G–97–642. Plaintiffs might have filed their own attorney liens under Cause No. G–97–642; instead they chose to initiate this separate declaratory judgment action.

■ A court has supplemental jurisdiction to hear fee disputes and lien claims between parties and their attorneys, and between groups of attorneys, without regard to the jurisdiction basis of the original action, so long as the fee dispute relates to the original action. In other words, once this Court's jurisdiction has been properly invoked to settle the controversy in the original action, and subject matter, personal jurisdiction, venue and other concerns have been laid to rest in

the original action, the court has the power to settle fee disputes arising out of that original action without regard to the citizenship of the disputing attorneys and other niceties. All the Circuit Courts of Appeal which have considered this question appear to agree on this point. *See Broughten v. Voss,* 634 F.2d 880, 882 (5th Cir.1981) ("If, upon withdrawal, counsel is unable to secure payment for his services, the court may assume jurisdiction over a claim based on a charging lien over the proceeds of the lawsuit."); *In re Private Counsel Agreement,* No. 5:98CV270, 1999 WL 1022131 at *3 (E.D.Tex. Nov.5, 1999) (Folsom, J.) ("Every federal appeals court addressing the issue has concluded that as a general matter an attorney's fees dispute meets the relatedness test for supplemental jurisdiction."); *Alderman v. Pan Am World Airways,* 169 F.3d 99, 102 (2nd Cir.1999) (affirming trial court's exercise of supplemental jurisdiction over fee dispute between a law firm and its client); *Cluett, Peabody & Co. v. CPC Acquisition Co.,* 863 F.2d 251, 256–57 (2nd Cir.1988) (explaining that exercise of supplemental jurisdiction over attorney's fee disputes is sensible because the trial court will likely be familiar with the subject matter of the original action that gave rise to the fees and thus will be in a better position to ascertain what fee is reasonable; that a court has a responsibility to protect its own officers in such matters as fee disputes; that the convenience of the parties would be served by having the original court decide the fee dispute; and finally that judicial economy may also be a discretionary factor favoring a trial court's exercise of supplemental jurisdiction.); *Novinger v. E.I. DuPont de Nemours & Co., Inc.,* 809 F.2d 212, 217 (3rd Cir.1987) (upholding existence of supplemental jurisdiction over fee dispute between various attorneys and client, where client and attorneys were not diverse); *Kalyawongsa v. Moffett,* 105 F.3d 283, 287 (6th Cir.1997) ("[A]lthough attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires the courts to exercise supplemental jurisdiction over fee disputes that are related to the main action.") *Baer v. First Options of Chicago,* 72 F.3d 1294, 1300 (7th Cir. 1995) (affirming existence of supplemental jurisdiction over dispute between group of lawyers over entitlement to fees); *United States v. Ford,* 650 F.2d 1141, 1143 (9th Cir.1981); *Jenkins v. Weinshienk,* 670 F.2d 915, 919 (10th Cir.1982) ("Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to work done in the suit being litigated, easily fits the concept of ancillary jurisdiction."); *see also* 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3523 n. 3 (1984).

Although it might have been more efficient or straightforward for Plaintiffs to have invoked the supplemental jurisdiction of this Court under the *Bell West* case, Plaintiffs instead chose to pursue an independent declaratory judgment action. Defendants' objections to this independent action will each be addressed in turn.

### III.   Personal Jurisdiction

■ In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. Tex.Civ.Prac. & Rem.Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

■ Whether the exercise of personal jurisdiction over Defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that the Defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring the Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston,* 9 F.3d at 418. The "minimum contacts" aspect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *Ruston Gas Turbines,* 9 F.3d at 418–19; *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993). The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil ...."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Villar,* 990 F.2d at 1496.

Regarding minimum contacts, Plaintiffs point out that Defendants, a California law firm and a California attorney, seek to recover fees for their representation of a client in the *Bell West* case. This representation occurred in Texas, in this very Court. The Kick Law Firm appeared on the pleadings in the Bell West case for ten months, and participated in the litigation of this case, through its employee, Kevin Fiur. In addition, Taras Kick recently signed and submitted a Notice of Attorney Lien, supposedly invoking the jurisdiction of this Court to protect his and his law firm's alleged interest in attorneys' fees arising out of the *Bell West* case. On the Notice of Attorney Lien, Taras Kick represented that he was the attorney in charge for Bell West. Defendants directed approximately ten letters and emails concerning the fee dispute to Plaintiffs in Texas. Indeed, it was the filing of the Notice of Attorney Lien, and the associated communications by Taras Kick and the Kick Law Firm, directed to Plaintiffs and others in Texas, which appears to have ignited the present controversy.

■ Defendants have purposely availed themselves of the privilege of conducting activities in Texas. Defendants could certainly "reasonably anticipate being haled into court" in Texas, particularly in light of the fact that Defendants apparently intended to ensure that Plaintiffs were haled into this forum in order to adjudicate the Notice of Attorney Lien Defendants filed. This is a declaratory judgement action over entitlement to attorneys' fees in · a case previously litigated in this Court. Defendants' actions easily meet the requirements for specific jurisdiction under the first prong of *International Shoe* and its progeny. *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.,* 41 F.3d 229, 230 (5th Cir.1995) (upholding specific jurisdic-

tion over an out-of-state law firm and its individual attorneys where the attorneys had prepared patent applications for a Texas plaintiff, appeared in litigation in Texas for eight months, and had an ongoing relationship with the Texas plaintiff.).

■ The second prong of the Court's inquiry requires consideration of the fairness and convenience of asserting jurisdiction over Defendant. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (upholding the assertion of jurisdiction over an out-of-state insurance company based upon a reinsurance contract); *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158; *see also Ruston Gas Turbines*, 9 F.3d at 419 (holding that both prongs of the due process analysis must be satisfied before personal jurisdiction can be asserted). The fairness of exercising jurisdiction is determined by balancing the burden on the Defendant, the interests of the forum state, Plaintiffs' interest in obtaining relief, the interstate judicial system's interest in efficient resolution, and the shared interest of the several states in furthering "fundamental substantive social policies." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

Texas has a very strong interest in adjudicating this dispute. Plaintiffs are Texas attorneys and officers of her court system. Defendants are a California law firm and a California attorney who claim to have had a role in instituting a lawsuit within the Texas court system, involving property located in Texas. This Court is also cognizant of the resulting inconvenience and unfairness to resident plaintiffs if they are not afforded a local forum for resolution of disputes such as the one *sub justice.* Indeed, it would be downright perverse to deny these Texas attorneys a Texas forum for litigating a fee dispute arising out of a case they litigated in a Texas forum. The burden on the California Defendants appears minimal: the Defendants were perfectly willing to litigate the underlying *Bell West* case in Texas, and moreover appear eager to use the Texas court system to protect their alleged interest in attorneys' fees by filing a Notice of Attorney Lien in this very Court. After careful consideration of the relative equities, the Court concludes that the exercise of jurisdiction over Defendants would not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158; *Wilson*, 20 F.3d at 647.

Based upon the totality of the circumstances, the Court concludes that personal jurisdiction exists over both Taras Kick and the Kick Law Firm in this action and that the exercise of jurisdiction would be consistent with Constitutional requirements. Accordingly, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is hereby **DENIED.**

### IV. Indispensable Parties Under Rule 19

Plaintiffs instituted the present declaratory judgment action by invoking this Court's diversity of citizenship jurisdiction as set out in 28 U.S.C. § 1332. In its motion for dismissal, Defendant claims that Bell West, the prevailing plaintiff in the prior suit, is an "indispensable party" that must be joined. Defendant further argues that the required joinder of Bell West destroys diversity jurisdiction, and therefore dismissal of this action is proper. According to Defendants, Bell West cannot be joined without defeating diversity, because Bell West is a California corporation, and thus has the same citizenship as Defendants. Defendants suggest that Bell West must be aligned with Plaintiffs in this action because Plaintiffs regard Bell West as their client. Thus diversity is destroyed due to the presence of California Defendants and a California corporation aligned with Plaintiffs.

■ Plaintiffs' failure to join Bell West is not a jurisdictional defect. *See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 122, 88 S.Ct. 733, 744, 19 L.Ed.2d 936 (1968) ("We do

not put this case upon the ground of jurisdiction."). Failure to join a party can, however, compel a court in its discretion to refuse to proceed if the absent party is found to be indispensable. *See* 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1611 (2nd ed. 1986) ("[I]t is important to recognize that the court does have jurisdiction both over the parties before it and the subject matter of the action, even though the indispensable party cannot be joined.").

■ The burden is on the proponent to show that an absent party is indispensable and that the action should be stayed. *See Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir.1987) (rejecting defendant's argument to dismiss because the defendant failed to establish the necessary grounds). Defendant has not met this burden.[1]

FED.R.CIV.P. 19 provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations
. . .

Rule 19 allows joinder of necessary parties unless that joinder would defeat diversity jurisdiction. *See Provident Tradesmens Bank*, 390 U.S. at 108, 88 S.Ct. at 737. When jurisdiction is threatened, the Court must then determine whether the potentially joined party is in fact indispensable, meaning the action cannot proceed without such party. *Id.* The rule lists

four factors to consider when deciding whether a party is indispensable: 1) prejudice to the absent party or to those involved in the lawsuit; 2) whether relief can be shaped to lessen the prejudice to existing parties; 3) whether relief can be given without the absent party; and 4) whether the plaintiff has another forum in which to prosecute the action if it is dismissed. FED.R.CIV.P. 19; *see Cornhill Ins.*, 106 F.3d at 84.

Defendants complain that complete relief cannot be accorded to those already parties in the absence of Bell West. Defendants appear to argue that if Bell West is not made a party, that corporation "could, and in all likelihood would, simply refuse to honor the judgment which runs only against Plaintiffs Clark and Fiur." This is unfair, Defendants argue, because the "Kick Law firm should not be required to first litigate with lawyers—Plaintiffs in this action—and then face the prospect of a subsequent lawsuit to relitigate entitlement to its fee."

This potential problem can be readily avoided. In the course of arguing that Bell West is an indispensable party, Defendants seem to forget that they have invoked the jurisdiction of this Court to protect their alleged interest in attorneys' fees, and have done so by filing a Notice of Attorney lien. Should this Court determine that a portion of the recovery received by Bell West is owed to Defendants as attorneys' fees, Defendants can move to enforce their lien in this Court. Moreover, the Court can order that all settlement proceeds be paid into the registry of the Court for disbursement upon a determination of the proper apportionment of the fees due each party. Thus, there is no threat of prejudice to Defendants arising from the failure to join Bell West as a party. Consequently, Defendants' Motion to Dismiss for Failure to Join and Indispensable Party Under Rule 19 is **DENIED.**

---

1. Parties may not manufacture diversity jurisdiction simply by failing to join an indispensable party. *See Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir.1994).

### V. Failure to State a Claim

Defendants argue that Plaintiffs have failed to state a cause of action upon which relief can be granted by this Court. When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truthfulness of the allegations in Plaintiffs' Complaint. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). A complaint cannot be dismissed for failure to state a claim unless it appears certain that a plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *See Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 764 (5th Cir.1996).

■ As this Court reads Plaintiffs' Complaint, it appears that Plaintiffs have asked to Court to declare the legal rights and obligations of various attorneys who had a hand in representing Bell West, the prevailing plaintiff in a lawsuit originally filed in this Court. Some of these rights might have a contractual basis if the Court finds there to be a valid contingency fee agreement, whereas some rights might have an equitable basis, should the Court find that a party is entitled to recover a fee on the basis of quantum meruit. This is an actual and justiciable controversy between the parties, making this precisely the sort of dispute the declaratory judgment remedy was designed to address. Defendants fail to carry their burden of persuading the Court that Plaintiffs have failed to state a claim for relief. Accordingly, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED.**

### VI. Improper Venue

■ The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper. *See* Fed.R.Civ.P. 12(b)(3). In a civil action where federal subject matter jurisdiction is based solely on diversity of citizenship, questions of venue are governed by 28 U.S.C. § 1391(a), which provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district i which the action may otherwise be brought.

Plaintiffs argue, and the Court agrees, that venue is proper under § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

This declaratory judgement action arose due to Defendants' decision to file a Notice of Attorney Lien in this Court, and serve copies of that document on various parties within this District. Defendants are alleged to have aggravated the situation, and hampered Plaintiffs' efforts to settle the case, by directing ten letters and emails to various parties asserting an interest in any eventual payment to Bell West. The attorneys' fees were generated from work performed in this Court, and ultimately arise out of this Court's decision to grant a $2.5 million default judgment against MacMillon Communication Systems. The work that the Texas attorneys performed on behalf on Bell West, and thus the basis for the fees which were potentially earned by the Texas lawyers, was performed in this District. The property which formed the basis of the dispute in the *Bell West* case was located in this District. While it may be true that *some* events relevant to this the present lawsuit occurred in California, such as the alleged negotiation of a contingency fee agreement between the Kick Law Firm and Bell West, nevertheless it appears to the Court that a "substantial part" of the events or omissions giving rise to this suit occurred in the Southern District. Consequently, venue is proper in the Southern District, and Defendants'

Motion to Dismiss for Improper Venue is **DENIED.**

### VII.  Discretionary Transfer of Venue

■ Finally, Defendants move to transfer this case to California pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Defendant bears the burden of demonstrating to the Court that it should transfer the case.  *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").

Of course, whether to transfer the case rests within the sound discretion of the Court, and its determination is reviewed under an abuse of discretion standard. *See U.S. v. Hemmingson*, 157 F.3d 347, 356–57 (5th Cir.1998) ("[V]enue and severance decisions are reviewed for abuse of discretion."); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." (citation omitted)); *Marbury–Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir.1974) (declaring that whether to transfer venue is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.).

■ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of pertinent books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996) (Kent, J.); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

1) *Availability and Convenience of the Witnesses and Parties*

Of the six factors weighed by the Court, this factor is probably the most important. *See Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Continental Airlines*, 805 F.Supp. at 1396.

#### A.  Witnesses

The majority of the witnesses to this fee dispute reside in Texas. Plaintiff Fiur likely has the most information relevant to the dispute, and Fiur lives in Texas.  Likewise, Plaintiff Clark is a Texas resident who will likely testify as to the amount of work and the type of legal services performed by himself and his law firm, Clark, Depew & Siess, L.L.P. Another witness knowledgeable about the amount of work performed by Plaintiffs and Defendants is Jerrold A. Coff. Coff lives in Florida, and would certainly find it more convenient to be called to testify in a Texas forum rather than a California one.

Defendants list as potential witnesses Taras Kick and two of his employees, Holly Johnson and Daniel O'Leary.  While it is true that Taras Kick would likely be less inconvenienced by a California forum, the Court is inclined to give little weight to the convenience of his employees.  As this Court has noted on innumerable occasions before, if key witnesses are employees of the party seeking transfer, "their convenience is entitled to less weight because that party will be able to compel their

testimony at trial." *Continental Airlines,* 805 F.Supp. at 1397.

Defendants also cite as potential witnesses Ron Bell and Robert Thau. Bell likely has personal knowledge of how much work was performed by the various attorneys, and knows whether a contingency fee contract was negotiated between Bell West and the Kick Law Firm. Bell was a long-time resident of Houston, and has sworn a affidavit to the effect that he does not consider it inconvenient to travel from his new home in California back to Texas. Thau has sworn that he has no personal knowledge of facts relevant to this case. The Court concludes that the convenience of witnesses does not warrant a transfer to California.

### B. Parties

When determining the relative conveniences of transfer, the Court also considers the residence of the parties in the case. The two Defendants, Taras Kick and the Kick Law Firm, are residents of California. The three Plaintiffs, Clayton A. Clark, Kevin S. Fiur, and Clark, Depew, & Siess, L.L.P. are residents of Texas. While Defendants might be less inconvenienced in litigating in California, the fact remains that Plaintiffs chose a Texas forum, and there are more Plaintiffs, including individual Plaintiffs, who would be inconvenienced by a transfer to California. Moreover, Defendants voluntarily selected this forum to protect their interest in attorneys' fees by filing a Notice of Attorney Lien in this Court. Consequently it is difficult to assign significant weight to Defendants' recently acquired perception that this Court is an inconvenient forum for Defendants.

### 2) Location of Counsel

Although this factor is entitled to the least consideration, the Court notes that it does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre,* 810 F.Supp. at 826. (recognizing that the vast majority of cases hold that location of counsel is entitled to little or no consideration). Defen-

dants are represented by a Galveston law firm; Plaintiffs are represented by a Houston attorney. The location of counsel therefore does little to support a transfer to California, because both parties are represented by counsel located within the Southern District of Texas.

### 3) Location of Books and Records

Defendants concede that the "amount of documentary evidence ... should not be terribly voluminous" in this case. It appears that virtually all of the relevant documents can be exchanged between the parties in their initial disclosures and responses to discovery requests. Other documents relevant to this suit are within the possession of this Court as part of the record in the *Bell West* case. The Court sees no reason to transfer this case to California on the basis of location of documentary evidence.

### 4) Trial Expenses

It is rare that the forum in which the case is litigated is the most convenient or the least costly for all parties involved. Although the burden rests with Defendant, it proffers no specific information regarding the expenses and costs associated with the trial of this case in Galveston vis-à-vis California.

### 5) Place of the Alleged Wrong

The Court generally considers the place of the alleged wrong to be a very important factor in venue determination. *See Henderson,* 918 F.Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of resident plaintiffs). However, "this factor, like the other factors, is only part of the equation." *Dupre,* 810 F.Supp. at 827.

This is a declaratory judgment action in which Plaintiffs seek to have their legal rights and obligations determined by the Court: the action is not really founded on redressing "wrongs." But insofar as it can be said there is an underlying "wrong", it would be the events giving rise to the need to institute a declaratory

judgement action. These events have already been discussed in the context of the Court's decision to deny Defendants' personal jurisdiction and improper venue objections. Suffice it to say, it appears to this Court that most of the underlying events occurred in the Southern District, and relatively few occurred in California. Defendants have failed to carry their burden of persuading the Court that this factor favors a transfer to California.

### 6) *Possibility of Delay and Plaintiff's Choice of Forum*

A plaintiff's choice to litigate his case in the Galveston Division of the Southern District is normally given great deference. *See Peteet,* 868 F.2d at 1436; *Carlile,* 953 F.Supp. at 171; *see also United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 683 (W.D.Tex.1986) (asserting that plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Of course, close scrutiny is given to Plaintiff's choice of forum when the Plaintiff does not live in the Southern District. *See, e.g., Dupre,* 810 F.Supp. at 828 (explaining that while it is the "Court's consistent practice to honor a plaintiff's choice of forum where factually justified" the Court is also "loathe to respect those choices that appear to be blatant attempts at forum shopping with little or no factual justification.").

Here, Plaintiffs live in the Southern District of Texas, and have chosen this forum in order to settle a fee dispute arising out of a lawsuit litigated in this Court. Plaintiffs' choice is entirely reasonable. Moreover, as mentioned before, Defendants also selected this forum by electing to file a Notice of Attorney Lien in this Court. There is no hint of forum shopping on these facts.

Plaintiffs validly complain that a transfer of venue to the California may well result in Plaintiffs losing the benefit of this Court's expeditious and cost-efficient manner of handling cases, including this Court's shorter trial track, which is well below the average of other courts in the area. *See Id.* at 827. (a prompt trial "is

not without relevance to the convenience of parties and witnesses and the interest of justice"). On the other hand, the Court is quite certain no such delay will occur here. The Court is already familiar with the facts of the underlying *Bell West* case. The fact that Plaintiffs will suffer absolutely no delays in having their claims adjudicated in this forum militates against a transfer to California. A scheduling conference is set for February 3, 2000, at which time an absolutely firm trial date will be set.

Having examined the relevant factors, the Court is persuaded that the convenience of parties and witnesses, and the interests of justice, do not require a transfer of this action to California. Defendants have failed to carry their burden of persuading the Court that Plaintiffs' choice of this forum should be disturbed. Consequently, Defendants' Motion to Transfer Venue is **DENIED.**

### *VIII. Conclusion*

For the reasons set forth above, Defendants' Amended Motion to Dismiss, Or in the Alternative, Transfer Venue, is **DENIED.** Defendants' unamended Motion to Dismiss, Or in the Alternative, Transfer Venue, is **DENIED AS MOOT.** A scheduling conference is set for February 3, 2000. At the time of this scheduling conference, the parties are **ORDERED** to be prepared to advise the Court, in detail, of the prospects for **SETTLING** this case. This action appears to be eminently suitable for summary disposition, and the Court fully expects the parties, all attorneys and officers of the court, to work diligently and in good faith towards an expeditious resolution of the case. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further motions on these issues, including motions to reconsider and the like.

**IT IS SO ORDERED.**