# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2013

No. 12-11255
Summary Calendar

Lyle W. Cayce
Clerk

COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiff - Appellant

v.

ANTHONY PALERMO; JAMES R. RAINES; BREAZEALE, SACHSE & WILSON, L.L.P.;

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Companion Property and Casualty Insurance Company (Companion) appeals the district court's dismissing, for lack of personal jurisdiction, its complaint alleging legal malpractice against Anthony Palermo, James R. Raines, and Breazeale, Sachse & Wilson, LLP (BSW) (collectively, Defendants). Companion contends that the Defendants – all of whom are present in Louisiana – are subject to either general or specific jurisdiction of the Texas court. We AFFIRM.

No. 12-30227

I.

Companion is a South Carolina insurer with its principal place of business there. Palermo and Raines are Louisiana residents and attorneys at BSW, a Louisiana law firm.

In February 2006, a loaned employee to State Roofing, an insured of Companion, was injured on the job in Louisiana; he subsequently brought a personal injury action against State Roofing. In that lawsuit, State Roofing pleaded Companion, who had issued a worker's compensation policy to State Roofing, as a third-party defendant, and it sought indemnification and contribution from Companion.

Companion then retained Aspen Administrators, Inc. (Aspen), a Texas-based third-party claims administrator, to oversee the employee's claim. Aspen, in turn, retained on Companion's behalf the legal services of BSW to defend the indemnification claim. From that point, BSW communicated solely with Aspen; and it corresponded regularly with Aspen via email, telephone, and letter mails.

In August 2009, BSW determined a policy issued by a separate insurer was the proper policy to cover the worker's compensation claim, and it informed State Roofing's attorney of its determination. That October, however, BSW negligently allowed a consent judgment to be entered against Companion in the injured employee's lawsuit, which stated Companion agreed fully to indemnify State Roofing. That consent judgment was signed by BSW attorneys. As a result, Companion incurred damages of over $400,000, which it alleges should have been paid by another insurer to settle the worker's compensation claim.

Companion sued Palermo, Raines, and BSW in federal district court in Texas, asserting a claim for legal malpractice. It alleged that each defendant was subject to personal jurisdiction in Texas because they had sufficient minimum contacts there and the malpractice claim arose from or related to those contacts. In the alternative, it alleged that each defendant had continuous and systematic contacts in Texas; and further that venue was proper in the Northern

2

District of Texas.  Defendants filed a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, and a Rule 12(b)(3) motion to dismiss for improper venue.

That November, the district court dismissed the action without prejudice for lack of personal jurisdiction and entered final judgment; it did not rule on the improper-venue motion.   Companion timely appealed.

## II.

## A.

A district court's granting a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is reviewed *de novo*.  *Latshaw v. Johnston*, 167 F.3d 208, 210-11 (5th Cir. 1999).   In determining whether a defendant is subject to personal jurisdiction, a district court must accept as true the uncontroverted factual allegations in the plaintiff's complaint, *id.*; a *prima facie* showing is all that is required, *Luv N' Care, Ltd.*, 428 F.3d 465, 469 (5th Cir. 2006).

In diversity cases under 28 U.S.C. § 1332, the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the state in which the district court is located.  *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).  Because Texas's long-arm statute extends to the limits of federal constitutional due process, only one inquiry is required. *Latshaw*, 167 F.3d at 211.

Personal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 489 U.S. 102, 105 (1987); *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A non-resident defendant establishes such minimum contacts by purposefully availing himself of the benefits of the forum state, so that he "should reasonably anticipate being haled into court" there. *Rudzewicz,*

471 U.S. at 475; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be "specific" or "general". For specific personal jurisdiction, a plaintiff makes a *prima facie* showing of minimum contacts when his claim arises from the defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). For general personal jurisdiction, a plaintiff makes the requisite showing when that defendant's contacts are "continuous and systematic," so that the exercise of jurisdiction is proper irrespective of the claim's relationship to the defendant's contact with the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952).

B.

Companion contends Defendants purposefully directed activities toward Texas by transacting business, and communicating, with the Texas-based Aspen regarding Companion's defending a worker's compensation indemnification claim. It further contends Defendants' ongoing business relationship with Aspen, which spanned several years, is sufficient to support a finding of either specific or general personal jurisdiction of the Texas forum. To substantiate its contentions, Companion principally relies on, *inter alia, Trinity Industries, Inc. v. Myers & Associates,* 41 F.3d 229 (5th Cir. 1995) and *Steber v. Hunter*, 221 F.3d 701 (5th Cir. 2000).

Defendants contend *Trinity* and *Steber* are distinguishable on their facts, further arguing that personal jurisdiction in Texas is improper because South Carolina-based Companion was their client, not Texas-based Aspen. In other words, Defendants assert specific personal jurisdiction is lacking because any injury flowing from legal malpractice of the Louisiana lawyers could not have occurred in Texas. Finally, Defendants maintain their contacts in Texas will not support general personal jurisdiction.

The general-personal-jurisdiction theory has no substance under these facts. Defendants maintained no offices in Texas; they had no personnel

stationed there; they paid no Texas taxes and had no registered agent for service of process; and, although sustained over an appreciable period, transacted only limited and discrete business there. *See Benguet Consol.*, 342 U.S. 437.

## C.

Thus, the only remaining question for us to decide is whether Defendants' contacts with Texas are sufficient to submit them to specific personal jurisdiction of the Texas court in this action. We now turn to the cases that Companion relies on.

In *Trinity*, a Texas corporation brought suit in Texas against its Illinois-based patent attorneys, alleging those attorneys had breached their fiduciary duty by assisting a direct competitor of the corporation to secure a patent. 41 F.3d 229. The attorneys moved to dismiss for lack of personal jurisdiction, contending the alleged breach of fiduciary duty occurred in Pennsylvania, and thus did not arise from or relate to their contact with Texas, the forum state. *Id.* Noting the long-established and substantial relationship between the Illinois law firm and the Texas corporation, this court disagreed; it held: "[a]ssuming minimum contacts exist, as they do herein, a lawyer accused of violating his or her professional obligations to a client is answerable not only where the alleged breach occurred *but also where the professional obligations attached*." *Id.* at 232 (emphasis added).[1]

In *Steber*, two Texas plaintiffs sued their Louisiana attorneys in Texas courts for legal malpractice and breach of fiduciary duty, alleging they had received poor tax advice. 221 F.3d 701. One attorney moved to dismiss the claim against him for lack of personal jurisdiction. *Id.* On appeal, our court held the attorney was subject to specific personal jurisdiction in Texas because: he

---

[1] Noting the use of the term "attached," we think it clear that it cannot be reasonably said BSW's professional obligations attached in Texas. Rather, said obligations attached in Louisiana, when and where BSW agreed to represent Companion, and in South Carolina, when and where Companion agreed to be represented. In short, there was no attachment of professional obligations in Texas between BSW and Aspen, a third party to this action.

"purposefully availed himself of Texas laws" by directing tax advice toward a Texas client; and the alleged malpractice occurred while the attorney was physically present in Texas. *Id.* at 718.

The distinction between this action and *Trinity* is obvious and, we think, material. Companion does not allege BSW or its attorneys owed fiduciary duties of any sort to Aspen in Texas; nor does it allege Aspen suffered any injury; and Aspen is not a party to this action. Although BSW's contacts with Aspen are factually related – and perhaps integral – to the substance of Companion's claim, the alleged malpractice does not arise from a breach of some duty owed to Aspen. *Cf.* Tex. Civ. Prac. & Rem. Code § 17.042 ("a nonresident does business in this state if the nonresident . . . commits a tort in whole or in part *in this state*") (emphasis added). Moreover, and unlike *Steber*, the alleged malpractice occurred in Louisiana, not Texas. Under *Steber* and *Trinity*, the defendants in this action more plausibly could be subject to personal jurisdiction where the malpractice occurred (Louisiana) or the place where their professional obligations attached (South Carolina). But in any event, the district court here properly dismissed Companion's complaint against these defendants for lack of personal jurisdiction in a Texas forum in this legal malpractice claim.[2]

---

[2] Our opinion is consonant with the holdings of other circuits, even though the underlying facts are slightly different. For example, in *Sawtelle v. Ferrell*, 70 F.3d 1381 (1st Cir. 1995), a New Hampshire plaintiff sued in New Hampshire attorneys he had retained in Virginia and Florida. The district court granted defendants' motion to dismiss the malpractice claim for lack of personal jurisdiction; the First Circuit affirmed, holding *inter alia*: the claim was unrelated to the attorneys' contacts with New Hampshire, because the malpractice arose only from decisions reached and actions taken in Florida and Virginia; and neither attorney purposefully availed themselves of New Hampshire, because they were engaged by the unilateral action of the plaintiff. In *FDIC v. Malmo*, 939 F.2d 535 (8th Cir. 1991), a Tennessee attorney solicited the FDIC in Missouri to represent it in an action to collect on notes. The FDIC sued the attorney in Missouri for intentional malpractice, arguing the attorney solicited business from Missouri and the injury occurred there. The Eighth Circuit affirmed the district court's dismissing for lack of personal jurisdiction, and adopted with approval the latter's stating "sporadic mail correspondence alone usually does not constitute minimum contacts." *Id.* at 537. We doubt either court would find personal jurisdiction on the present facts. *See also Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2012) (defendant not subject to personal jurisdiction in Texas for defamation claim arising from interview with national sports

### III.

Companion contends venue under 28 U.S.C. § 1391 lies in the Northern District of Texas. Although Defendants challenged Companion's choice of venue in district court, that issue was never decided. Appellate "powers are limited to reviewing issues raised in, *and decided by*, the [district] court." *Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984) (emphasis added). Further, because we affirm the dismissal on personal-jurisdiction grounds, the venue issue is unnecessary for a decision in this case.

### IV.

For the foregoing reasons, the district court's judgment, dismissing the complaint for lack of personal jurisdiction, is

AFFIRMED.

---

publication when Texas was not "focal point of the story," despite defendant's having physically traveled there to train plaintiff).